**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Sandra Miranda</u>
Plaintiff

Case # _____

Judge _____

vs.

<u>Miami Dade Cardiology Consultants LLC, Miami International Cardiology Consultants Inc, HCA Health Services of Miami Inc</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>6</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jason S Remer</u>       Fla. Bar # <u>165580</u>
      Attorney or party           (Bar # if attorney)

<u>Jason S Remer</u>         <u>12/01/2023</u>
 (type or print name)       Date

Filing # 187178140 E-Filed 12/01/2023 01:08:41 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

       Plaintiff,

vs.                             Case No.:

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC.
HCA HEALTH SERVICES OF MIAMI, INC.
       Defendant.

_____/

## **COMPLAINT**

Plaintiff, SANDRA MIRANDA (hereinafter "Plaintiff"), on behalf of herself, by and through undersigned counsel, who files this Complaint against Defendants as joint employers, MIAMI DADE CARDIOLOGY CONSULTANTS, LLC, MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC., HCA HEALTH SERVICES OF MIAMI, INC. ("Defendants" or "Defendant"), and in support states as follows:

### **JURISDICTION**

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees and costs, resulting from Defendant's violations of the Family and Medical Leave Act 29 U.S.C. §2601 *et seq*. ("FMLA"), and the Americans with Disabilities Act of 1990 42 U.S.C. §12111 *et seq*. ("ADA")., Title VII for Disability Discrimination and associational disability discrimination, the Florida Civil Right Act (FCRA) Chapter 760 Florida Statutes and retaliation.

2. The jurisdiction of the Court over this controversy is based upon the FCRA, ADA and the FMLA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for the purposes of the FCRA, ADA and FMLA.

4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida.

6. Defendant employs fifty (50) or more employees within a seventy-five mile radius for each working day during each of the twenty or more calendar work weeks in the relevant calendar years.

7. Prior to seeking medical leave, Plaintiff had been employed by Defendant for at least twelve (12) months, and had worked at least 1,250 hours during those twelve months.

8. Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Defendants are all joint employers of Plaintiff during the relevant time period of 2020 and 2021.

12. Plaintiff was employed by Defendants in medical records from on or about on 2010 through June 2, 2021.

13. Plaintiff was discriminated against by Defendants based on her request for FMLA leave and retaliated against by Defendant through its supervisors based on Plaintiff's request for FMLA leave to take care of her mother who passed away from brain cancer in April of 2021.

14. Plaintiff requested FMLA leave to assist her mother in her time of need and Plaintiff's supervisor was upset and retaliated against Plaintiff to taking leave and told Plaintiff that the time off hurt the department.

15. After Plaintiff's mother passed away in April of 2021, Plaintiff requested two weeks off for mental health reasons and based on stress from grieving and pain from losing her mother.

16. After returning to work with Defendant after requesting the two weeks of FMLA leave and leave based on her disability, Plaintiff's supervisor Belkis Velazquez again continued to harass and retaliate against Plaintiff for her requested benefits, accommodations, and leave due to her own disability and/or based on associational disability discrimination.

17. After returning from the leave, the supervisor Belkis Velazquez assigned Plaintiff additional work from similar employees without a disability based on discrimination and/or in retaliation for Plaintiff's requests for accommodations and benefits.

18. Due to the harassment and discrimination by Plaintiff's supervisor and continued stress, Plaintiff was taken to the emergency room with high blood pressure and high heart rate and admitted by the physician.

19. While at the hospital, Plaintiff was harassed by her manager Belkys Velazquez to come back to work because her medical leave was affecting the department even though Belkys

Velazquez knew Plaintiff was hospitalized for her medical condition and disability or perceived disability.

20. Plaintiff returned to work but Defendant through the supervisor retaliated against Plaintiff and would not allow Plaintiff to work overtime while other similar employees without a disability or perceived disability or associated with someone with a disability would be allowed to work overtime.

21. Plaintiff was fired shortly thereafter around June 2, 2021 by Defendant through its supervisor based on disability discrimination and/or associational disability discrimination and/or in retaliation for her requests for FMLA leave and/or in retaliation for her requests for accommodations and benefits from her disability.

22. Any reason proffered by Defendants for the adverse employment actions is mere pretext for unlawful discrimination.

23. Throughout Plaintiff's employment, she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times performed her job at satisfactory or above satisfactory levels.

24. Defendant retaliated against Plaintiff for taking FMLA leave during her employment and/or based on retaliation for her association to a disabled person.

25. Defendant's discriminatory intent was motivated by the perception that Plaintiff might be mentally distracted by the need to care for her disabled mother, and Defendant's unfounded assumption that Plaintiff would need to take additional FMLA or other medical leave in order to care for her mother and/or Plaintiff herself after her mother passed away.

26. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

27. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and other state and local agencies that investigate claims of discrimination.

## COUNT I

### *Associational Disability Discrimination in Violation of the ADA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this Complaint as if set out in full herein.

29. Plaintiff is a member of a protected class under the ADA.

30. By the conduct described above, Defendant has engaged in discrimination against the Plaintiff because of Plaintiff's close association with a disabled individual and subjected the Plaintiff to disability-based animosity.

31. Such discrimination was based upon the Plaintiff's association with a disabled individual in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's family member had a disability.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's close association with a disabled individual was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida and Federal laws.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *Interference with Rights Under the FMLA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this Complaint as if set out in full herein.

40. Plaintiff is an individual entitled to protection under the FMLA.

41. Plaintiff is an employee within the meaning of the FMLA.

42. Plaintiff engaged in protected activity within the meaning of the FMLA.

43. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

44. Defendant's actions constitute violations of the FMLA.

45. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, the Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein, plus an equal amount as liquidated damages;

C. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### *Retaliation Under the FMLA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this Complaint as if set out in full herein.

47. Plaintiff is an individual entitled to protection under the FMLA.

48. Plaintiff is an employee within the meaning of the FMLA.

49. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

50. Defendant retaliated against Plaintiff for exercising her rights protected under the FMLA.

51. Defendant's actions constitute violations of the FMLA.

52. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, the Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the

unlawful employment practices described herein, plus an equal amount as liquidated damages;

C. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT IV

## DISABILITY DISCRIMINATION UNDER THE FCRA

53. Plaintiff reasserts her allegations in paragraph 1-27 as if fully set forth herein.

54. Section 760.10 of the FCRA states in relevant part:

"(1)    It is an unlawful employment practice for an employer:

(a)    To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

55. The FCRA accordingly prohibits discrimination based on Disability or perceived disability.

56. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's Disability, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

57. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

58. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's Disability was the reason for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

59. As a result of Defendant's willful and malicious discriminatory actions as a result of his Disability, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

60. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

61. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

    B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C.  Award Plaintiff as to this count prejudgment interest; and

D.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of his above claims.

## COUNT V
### *HOSTILE WORK ENVIRONMENT*
### *IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

62.  Plaintiff re-adopts each and every factual allegation as stated in 1 through 27 of this Complaint as if set out in full herein.

63.  Defendant is an employer as that term is used under the applicable statutes referenced above.

64.  The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

65.  Defendant created a hostile work environment after Plaintiff requested benefits or accommodations.

66.  Plaintiff, within a protected class as envisioned by the FCRA.

67.  Defendant is liable for this conduct, either vicariously or directly, where Plaintiff complained to management and ownership about the harassment and abuse and no

remedial or disciplinary was undertaken or requested benefits or accommodations and Defendant created a hostile work environment thereafter.

68. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

69. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

F. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

G. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

H. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

I. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

J. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

K. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

L.  For a money judgment representing prejudgment interest;

M.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

N.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

O.  Grant PLAINTIFF a trial by jury; and

P.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT VI

## RETALIATION

70. Paragraphs 1-27 are hereby realleged and reincorporated as if set forth in full herein.

71. Defendant is an employer as that term is used under the applicable statutes referenced above.

72. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff requested benefits or accommodations or reported unlawful employment practices adversely affecting her Chapter 760, Florida Statutes.

73. The foregoing unlawful actions by Defendant were purposeful.

74. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

75. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

76. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff
    has suffered mental anguish, emotional distress, expense, loss of benefits,
    embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity
    for the enjoyment of life, and other tangible and intangible damages.

77. These damages are continuing and are permanent.


**PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays that this Court will;

    A. Declare that the acts complained of herein are in violation of the Florida Civil
        Rights Act;

    B. Award PLAINTIFF compensatory damages for emotional distress,
        embarrassment and humiliation;

    C. Grant a permanent injunction enjoining the DEFENDANT, its officers,
        successors, assigns, and all persons in active concert or participation with it, from
        engaging in any employment practice which discriminates on the basis of race
        and/or national origin and/or gender and/or pregnancy;

    D. Reinstate PLAINTIFF to the same position she held before the retaliatory
        personnel action, or to an equivalent position;

    E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

    F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF
        for lost wages, benefits, including front pay, back pay with prejudgment interest;

    G. For a money judgment representing prejudgment interest;

H.   Award any other compensation allowed by law including punitive damages and

attorney's fees (448.104);

I.   Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.   Grant PLAINTIFF a trial by jury;

K.   Grant such other and further relief as the Court deems just and proper.

Dated: November 30, 2023                Respectfully submitted,


                                        /s/ Jason S. Remer

                                        Jason S. Remer, Esq.
                                        Florida Bar No. 165580
                                        jremer@rgph.law

                                        **REMER, GEORGES-PIERRE &**
                                        **HOOGERWOERD, PLLC**
                                        2745 Ponce De Leon Blvd.
                                        Coral Gables, FL 33134
                                        Telephone: 305-416-5000

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

     Plaintiff,

vs.                         Case No.: 2023-027391-CA-01

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC.
HCA HEALTH SERVICES OF MIAMI, INC.
    Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO: MIAMI DADE CARDIOLOGY CONSULTANTS, LLC** through its registered agent:
**CT Corporation System**
**1200 South Pine Island Road**
**Plantation FL 33324**

**YOU ARE HEREBY SUMMONED** and required to serve upon
PLAINTIFF'SATTORNEY

JASON S. REMER, ESQ.
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____

CLERK                                   DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

     Plaintiff,

vs.                                 Case No.: 2023-027391-CA-01

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC.
HCA HEALTH SERVICES OF MIAMI, INC.
     Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO:** MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC. through its registered agent:
Perrin Coy
3801 Biscayne Boulevard
3rd Floor
Miami, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve upon
PLAINTIFF'SATTORNEY

JASON S. REMER, ESQ.
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____   _____

CLERK                                    DATE

_____

(BY) DEPUTY CLERK

Filing # 187261094 E-Filed 12/04/2023 10:29:06 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

     Plaintiff,

vs.                       Case No.: 2023-027391-CA-01

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC.
HCA HEALTH SERVICES OF MIAMI, INC.
     Defendant.
_____/

### SUMMONS IN A CIVIL CASE

**TO: HCA HEALTH SERVICES OF MIAMI, INC.** through its registered agent:
**CT Corporation System**
**1200 South Pine Island Road**
**Plantation FL 33324**


**YOU ARE HEREBY SUMMONED** and required to serve upon
PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within ____20____ days
after service of this summons upon you, exclusive of the day of service.  If you fail to do
so, judgment by default will be taken against you for the relief demanded in the
complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.


_____    _____

CLERK _____  DATE


_____
(BY) DEPUTY CLERK

Filing # 187261094 E-Filed 12/04/2023 10:29:06 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

      Plaintiff,

vs.                         Case No.: 2023-027391-CA-01

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC.
HCA HEALTH SERVICES OF MIAMI, INC.
      Defendant.
_____/

**SUMMONS IN A CIVIL CASE**

**TO: HCA HEALTH SERVICES OF MIAMI, INC.** through its registered agent:
**CT Corporation System**
**1200 South Pine Island Road**
**Plantation FL 33324**

**YOU ARE HEREBY SUMMONED** and required to serve upon
PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within _____20_____ days
after service of this summons upon you, exclusive of the day of service. If you fail to do
so, judgment by default will be taken against you for the relief demanded in the
complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____  _____  12/5/2023

CLERK                               DATE

_____
(BY) DEPUTY CLERK

Filing # 187261094 E-Filed 12/04/2023 10:29:06 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

     Plaintiff,

vs.                          Case No.: 2023-027391-CA-01

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC.
HCA HEALTH SERVICES OF MIAMI, INC.
     Defendant.
_____/

### SUMMONS IN A CIVIL CASE

**TO: MIAMI DADE CARDIOLOGY CONSULTANTS, LLC** through its registered agent:
**CT Corporation System**
**1200 South Pine Island Road**
**Plantation FL 33324**


**YOU ARE HEREBY SUMMONED** and required to serve upon
PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    12/5/2023
                                     _____
CLERK                                   DATE

_____
(BY) DEPUTY CLERK

Carlos Pardo
SPS # 519
2024/02/21 14:43:41

Filing # 187261094 E-Filed 12/04/2023 10:29:06 AM

2/21/24
YP
CPS4105

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

     Plaintiff,

vs.                     Case No.: 2023-027391-CA-01

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC.
HCA HEALTH SERVICES OF MIAMI, INC.
     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:**  MIAMI INTERNATIONAL CARDIOLOGY CONSULTANTS, INC. through its registered agent:
Perrin Coy
3801 Biscayne Boulevard
3rd Floor
Miami, FL 33137

**YOU ARE HEREBY SUMMONED** and required to serve upon
PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.   You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                   12/5/2023

_____     _____

CLERK _____     DATE
                  /36565

(BY) DEPUTY CLERK



Filing # 191192549 E-Filed 02/04/2024 01:48:26 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

**CASE NO.: 2023-027391-CA-01**
**SECTION: CA10**

**Sandra Miranda**
**Plaintiff(s),**

**vs.**

**Miami Dade Cardiology Consultants LLC et al**
**Defendant(s)**

_____/

**CASE MANAGEMENT ORDER (GENERAL PATHWAY)**

     **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

     **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **03-30-2024** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **04-19-2024** |
| **Deadline for Witness and Exhibit List, including known experts:** | **05-24-2024** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **06-03-2024** |
| **Deadline for Adding Parties:** | **07-03-2024** |
| **Deadline for Inspections/Examinations:** | **07-18-2024** |
| **Deadline for Expert Disclosure:** | **09-16-2024** |
| **Deadline for Discovery Completion (Including Depositions):** | **11-15-2024** |
| **Deadline for Final Witness and Exhibit List:** | **12-20-2024** |
| **Deadline for Dispositive Motions:** | **01-04-2025** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **01-19-2025** |
| **Deadline for ADR/Mediation:** | **02-03-2025** |
| **Trial Ready Deadline:** | **02-03-2025** |

## <u>CASE MANAGEMENT PROCEDURES</u>
### <u>Motion Practice</u>

1. **<u>Duty to Communicate</u>**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *<u>not through staff</u>*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **<u>Scheduling of Hearings</u>**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **<u>Compelling Discovery where there has been no response</u>**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall <u>not</u> be placed on motion calendar.

4. **<u>Motions for Protective Order</u>**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.</u>

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances.   The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed and set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.   Last minute cancellations are disfavored.

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

   Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time.   Refer to paragraph 4 above regarding motions for protective order.


### Witness and Exhibits Lists


10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

**DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this **4th day of February, 2024** .

2023-027391-CA-01 02-04-2024 1:26 PM

2023-027391-CA-01 02-04-2024 1:26 PM

**Peter R. Lopez**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Michael T Wojnar, mwojnar@rgph.law
Jason S Remer, jremer@rgph.law
Jason S Remer, ng@rgph.law
Jason S Remer, adelgado@rgph.law

Filing # 193616778 E-Filed 03/08/2024 12:02:44 PM

**CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**MIAMI-DADE COUNTY, FLORIDA**

SANDRA MIRANDA,

      Plaintiff,                        CASE NO.:  23-27391-CA (01)

v.

MIAMI DADE CARDIOLOGY
CONSULTANTS, LLC; MIAMI
INTERNATIONAL CARDIOLOGY
CONSULTANTS, INC,; and HCA HEALTH
SERVICES OF MIAMI, INC.,

      Defendants.

_____/

**NOTICE OF APPEARANCE OF COUNSEL AND**
**<u>DESIGNATION OF E-MAIL ADDRESSES</u>**

      **PLEASE TAKE NOTICE** that attorney Alexander D. del Russo from the law firm of Carlton Fields, P.A., is appearing as counsel for Defendants, **Miami Dade Cardiology Consultants, LLC** and **HCA Health Services of Miami, Inc.**

      **FURTHER**, pursuant to Florida Rule of Judicial Administration 2.516, effective September 1, 2012, the following e-mail addresses are hereby designated for service by e-mail:

adelrusso@carltonfields.com (primary)
kcasazza@carltonfields.com (secondary)
wpbecf@cfdom.net (secondary)

      Please note that service and correspondence by e-mail should utilize all three e-mail addresses.

**CARLTON FIELDS, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, FL 33401
Telephone: (561) 659-7070

/s/  *Alexander D. del Russo*
Alexander D. del Russo
Florida Bar No.:  350273
adelrusso@carltonfields.com (primary)
kcasazza@carltonfields.com (secondary)
wpbecf@cfdom.net (secondary)

135237235.1

*Counsel for Miami Dade Cardiology Consultants, LLC and HCA Health Services of Miami, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 8, 2024 the foregoing was filed with the Clerk of the Court through Florida's e-Portal, which will send an electronic notice of filing and service copy of the foregoing to all registered users authorized to receive service of filings in the above case including:

Jason S. Remer
Remer, Georges-Pierre & Hoogerwoerd, PLLC
2745 Ponce de Leon Boulevard
Coral Gables, FL 33134
jremer@rgph.law

/s/*Alexander D. del Russo*
Alexander D. del Russo

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANDRA MIRANDA,

     Plaintiff,

vs.                             Case No.: 23-027391 CA 01

MIAMI DADE CARDIOLOGY CONSULTANTS LLC,
HCA HEALTH SERVICES OF MIAMI, INC.
     Defendant.
_____/

## AMENDED COMPLAINT

     Plaintiff, SANDRA MIRANDA (hereinafter "Plaintiff"), on behalf of herself, by and through undersigned counsel, who files this Complaint against Defendants as joint employers, MIAMI DADE CARDIOLOGY CONSULTANTS, LLC, HCA HEALTH SERVICES OF MIAMI, INC. ("Defendants" or "Defendant"), and in support states as follows:

## JURISDICTION

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorneys' fees and costs, resulting from Defendant's violations of the Family and Medical Leave Act 29 U.S.C. §2601 *et seq*. ("FMLA"), and the Americans with Disabilities Act of 1990 42 U.S.C. §12111 *et seq*. ("ADA")., Title VII for Disability Discrimination and associational disability discrimination, the Florida Civil Right Act (FCRA) Chapter 760 Florida Statutes and retaliation.

2. The jurisdiction of the Court over this controversy is based upon the FCRA, ADA and the FMLA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for the purposes of the FCRA, ADA and FMLA.

4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida.

6. Defendant employs fifty (50) or more employees within a seventy-five mile radius for each working day during each of the twenty or more calendar work weeks in the relevant calendar years.

7. Prior to seeking medical leave, Plaintiff had been employed by Defendant for at least twelve (12) months, and had worked at least 1,250 hours during those twelve months.

8. Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Defendants are all joint employers of Plaintiff during the relevant time period of 2020 and 2021.

12. Plaintiff was employed by Defendants in medical records from on or about on 2010 through June 2, 2021.

13. Plaintiff was discriminated against by Defendants based on her request for FMLA leave and retaliated against by Defendant through its supervisors based on Plaintiff's request for FMLA leave to take care of her mother who passed away from brain cancer in April of 2021.

14. Plaintiff requested FMLA leave to assist her mother in her time of need and Plaintiff's supervisor was upset and retaliated against Plaintiff to taking leave and told Plaintiff that the time off hurt the department.

15. After Plaintiff's mother passed away in April of 2021, Plaintiff requested two weeks off for mental health reasons and based on stress from grieving and pain from losing her mother.

16. After returning to work with Defendant after requesting the two weeks of FMLA leave and leave based on her disability, Plaintiff's supervisor Belkis Velazquez again continued to harass and retaliate against Plaintiff for her requested benefits, accommodations, and leave due to her own disability and/or based on associational disability discrimination.

17. After returning from the leave, the supervisor Belkis Velazquez assigned Plaintiff additional work from similar employees without a disability based on discrimination and/or in retaliation for Plaintiff's requests for accommodations and benefits.

18. Due to the harassment and discrimination by Plaintiff's supervisor and continued stress, Plaintiff was taken to the emergency room with high blood pressure and high heart rate and admitted by the physician.

19. While at the hospital, Plaintiff was harassed by her manager Belkys Velazquez to come back to work because her medical leave was affecting the department even though Belkys Velazquez knew Plaintiff was hospitalized for her medical condition and disability or perceived disability.

20. Plaintiff returned to work but Defendant through the supervisor retaliated against Plaintiff and would not allow Plaintiff to work overtime while other similar employees without a disability or perceived disability or associated with someone with a disability would be allowed to work overtime.

21. Plaintiff was fired shortly thereafter around June 2, 2021 by Defendant through its supervisor based on disability discrimination and/or associational disability discrimination and/or in retaliation for her requests for FMLA leave and/or in retaliation for her requests for accommodations and benefits from her disability.

22. Any reason proffered by Defendants for the adverse employment actions is mere pretext for unlawful discrimination.

23. Throughout Plaintiff's employment, she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times performed her job at satisfactory or above satisfactory levels.

24. Defendant retaliated against Plaintiff for taking FMLA leave during her employment and/or based on retaliation for her association to a disabled person.

25. Defendant's discriminatory intent was motivated by the perception that Plaintiff might be mentally distracted by the need to care for her disabled mother, and Defendant's unfounded assumption that Plaintiff would need to take additional FMLA or other medical leave in order to care for her mother and/or Plaintiff herself after her mother passed away.

26. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

27. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and other state and local agencies that investigate claims of

discrimination.

## **COUNT I**

### *Associational Disability Discrimination in Violation of the ADA*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this Complaint as if set out in full herein.

29. Plaintiff is a member of a protected class under the ADA.

30. By the conduct described above, Defendant has engaged in discrimination against the Plaintiff because of Plaintiff's close association with a disabled individual and subjected the Plaintiff to disability-based animosity.

31. Such discrimination was based upon the Plaintiff's association with a disabled individual in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's family member had a disability.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's close association with a disabled individual was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida and Federal laws.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II

### *Interference with Rights Under the FMLA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this Complaint as if set out in full herein.

40. Plaintiff is an individual entitled to protection under the FMLA.

41. Plaintiff is an employee within the meaning of the FMLA.

42. Plaintiff engaged in protected activity within the meaning of the FMLA.

43. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

44. Defendant's actions constitute violations of the FMLA.

45. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, the Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein, plus an equal amount as liquidated damages;

C.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT III</u>

### *Retaliation Under the FMLA*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 27 of this Complaint as if set out in full herein.

47. Plaintiff is an individual entitled to protection under the FMLA.

48. Plaintiff is an employee within the meaning of the FMLA.

49. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

50. Defendant retaliated against Plaintiff for exercising her rights protected under the FMLA.

51. Defendant's actions constitute violations of the FMLA.

52. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, the Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein, plus an equal amount as liquidated damages;

C.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

## **COUNT IV**

## **DISABILITY DISCRIMINATION UNDER THE FCRA**

53. Plaintiff reasserts her allegations in paragraph 1-27 as if fully set forth herein.

54. Section 760.10 of the FCRA states in relevant part:

"(1)    It is an unlawful employment practice for an employer:

(a)    To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

55. The FCRA accordingly prohibits discrimination based on Disability or perceived disability.

56. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's Disability, which individuals outside Plaintiff's class were not and would not have been subjected, in violation of the FCRA.

57. Defendant's alleged bases for its adverse conduct against Plaintiff and Plaintiff's termination are pretextual and asserted only to cover up the discriminatory nature of its conduct.

58. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff and Plaintiff's termination, which reasons it does not have, Plaintiff's Disability was the reason for Defendant's adverse conduct toward Plaintiff and Plaintiff's termination.

59. As a result of Defendant's willful and malicious discriminatory actions as a result of his Disability, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back pay and front pay, interest, lost benefits, and compensatory damages.

60. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

61. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

    A.  Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of the FCRA; and

    B.  Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

    C.  Award Plaintiff as to this count prejudgment interest; and

    D.  Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to State Law.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on each of his above claims.

## **COUNT V**
### *HOSTILE WORK ENVIRONMENT*
### *IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

62. Plaintiff re-adopts each and every factual allegation as stated in 1 through 27 of this Complaint as if set out in full herein.

63. Defendant is an employer as that term is used under the applicable statutes referenced above.

64. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

65. Defendant created a hostile work environment after Plaintiff requested benefits or accommodations.

66. Plaintiff, within a protected class as envisioned by the FCRA.

67. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff complained to management and ownership about the harassment and abuse and no remedial or disciplinary was undertaken or requested benefits or accommodations and Defendant created a hostile work environment thereafter.

68. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

69. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

F. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

G. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

H. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

I. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

J. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

K. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

L. For a money judgment representing prejudgment interest;

M. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

N. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

O.  Grant PLAINTIFF a trial by jury; and

P.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT VI

## RETALIATION

70. Paragraphs 1-27 are hereby realleged and reincorporated as if set forth in full herein.

71. Defendant is an employer as that term is used under the applicable statutes referenced above.

72. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff requested benefits or accommodations or reported unlawful employment practices adversely affecting her Chapter 760, Florida Statutes.

73. The foregoing unlawful actions by Defendant were purposeful.

74. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

75. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

76. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

77. These damages are continuing and are permanent.

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays that this Court will;

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/or national origin and/or gender and/or pregnancy;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury;

K. Grant such other and further relief as the Court deems just and proper.

Dated: March 19, 2024                    Respectfully submitted,


                                         /s/ Jason S. Remer

                                         Jason S. Remer, Esq.
                                         Florida Bar No. 165580
                                         jremer@rgph.law

                                         **REMER, GEORGES-PIERRE &**
                                          **HOOGERWOERD, PLLC**
                                          2745 Ponce De Leon Blvd.
                                         Coral Gables, FL 33134
                                         Telephone:  305-416-5000



**CT Corporation**
**Service of Process Notification**
02/21/2024
CT Log Number 545813019

## Service of Process Transmittal Summary

**TO:**   Neal Rigsby
HCA Inc.
1 Park Plz Bldg 1-2W
Nashville, TN 37203-6527

**RE:**   **Process Served in Florida**

**FOR:**   Miami-Dade Cardiology Consultants, LLC  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SANDRA MIRANDA // To: Miami-Dade Cardiology Consultants, LLC |
| **CASE #:** | 2023027391CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/21/2024 at 14:43 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/22/2024, Expected Purge Date: 03/03/2024 |
| | Image SOP |
| | Email Notification,  Carrie Jo Freeman  carrie.freeman@hcahealthcare.com |
| | Email Notification,  Anne-Marie Lankford  annemarie.lankford@hcahealthcare.com |
| | Email Notification,  Neal Rigsby  Neal.Rigsby@hcahealthcare.com |
| | Email Notification,  Jessica Kent  jessica.kent@hcahealthcare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                           Wed, Feb 21, 2024
**Server Name:**                    Carlos Pardo

| Entity Served | MIAMI-DADE CARDIOLOGY CONSULTANTS, LLC |
|---|---|
| Case Number | 2023-027391-CA-01 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |



 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
02/21/2024
CT Log Number 545812982

## Service of Process Transmittal Summary

**TO:**     Neal Rigsby
            HCA Inc.
            1 Park Plz Bldg 1-2W
            Nashville, TN 37203-6527

**RE:**     **Process Served in Florida**

**FOR:**    HCA Health Services of Miami, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SANDRA MIRANDA // To: HCA Health Services of Miami, Inc. |
| **CASE #:** | 2023027391CA01 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/21/2024 at 14:43 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/22/2024, Expected Purge Date: 03/03/2024 |
| | Image SOP |
| | Email Notification,  Carrie Jo Freeman  carrie.freeman@hcahealthcare.com |
| | Email Notification,  Anne-Marie Lankford  annemarie.lankford@hcahealthcare.com |
| | Email Notification,  Neal Rigsby  Neal.Rigsby@hcahealthcare.com |
| | Email Notification,  Jessica Kent  jessica.kent@hcahealthcare.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Wed, Feb 21, 2024
**Server Name:**                   Carlos Pardo

| Entity Served | HCA HEALTH SERVICES OF MIAMI, INC. |
|---|---|
| Case Number | 2023-027391-CA-01 |
| Jurisdiction | FL |

| Inserts | | |
|---|---|---|
| | | |





# JUAN FERNANDEZ-BARQUIN
## CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us   My Account   

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀ BACK

**SANDRA MIRANDA VS MIAMI DADE CARDIOLOGY CONSULTANTS LLC ET AL**

| | | | |
|---|---|---|---|
| Local Case Number: | 2023-027391-CA-01 | Filing Date: | 12/01/2023 |
| State Case Number: | 132023CA027391O1GE01 | Judicial Section: | CA10 - Downtown Miami - Judge Lopez, Peter R |
| Consolidated Case No.: | N/A | Court Location: | 73 West Flagler Street, Miami FL 33130 |
| Case Status: | OPEN | Case Type: | Discrimination - Employment or Other |

≡ **Related Cases**                                    Total Of Related Cases: 0  ✚

👥 **Parties**                                             Total Of Parties: 4  ✚

🔧 **Hearing Details**                                  Total Of Hearings: 0  ✚

📡 **Dockets**                                            Total Of Dockets: 16  ▬

| | DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 14 | 03/20/2024 | | Amended Complaint | Event | |
| 📄 | 13 | 03/08/2024 | | Notice of Appearance | Event | Parties: Del Russo Alexander D.; HCA Health Services of Miami Inc |
| 📄 | 12 | 02/04/2024 | | Order Setting CM Deadline | Event | |
| | | 12/05/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 11 | 12/05/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 6.** Parties: Miami International Cardiology Consultants Inc |
| | | 12/05/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 10 | 12/05/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: Miami Dade Cardiology Consultants LLC |
| | | 12/05/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 9 | 12/05/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 7.** Parties: HCA Health Services of Miami Inc |

⬆

1/3

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|-----|------|-----------|--------------|------------|----------|
| 8 | 12/05/2023 | | Receipt: | Event | RECEIPT#:3060246 AMT PAID:$30.00 NAME:JASON S REMER 2745 PONCE DE LEON BOULEVARD CORAL GABLES FL 33134 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$30.00 RECEIPT DATE:12/05/2023 REGISTER#:306 CASHIER:EFILINGUSER |
| 7 | 12/04/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 6 | 12/04/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 5 | 12/04/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 4 | 12/02/2023 | | Receipt: | Event | RECEIPT#:3150077 AMT PAID:$401.00 NAME:JASON S REMER 2745 PONCE DE LEON BOULEVARD CORAL GABLES FL 33134 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:12/02/2023 REGISTER#:315 CASHIER:EFILINGUSER |
| 2 | 12/01/2023 | | Complaint | Event | |
| 1 | 12/01/2023 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk of the Court and Comptroller of Miami-Dade County makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Clerk and Comptroller's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Clerk and Comptroller's Office. This website does not provide legal advice of any kind. If you require legal advice, please consult a qualified attorney of your choosing.

Service through the Clerk and Comptroller's electronic access is not the official record of the Clerk and Comptroller. In order to assure the accuracy of the data or information, the Clerk and Comptroller's office should be consulted regarding the Official Court Record.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

**General**

Online Case Home

Civil / Family Courts Information

Login

**Help and Support**

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us





Juan Fernandez-Barquin
Clerk of the Court and Comptroller
Miami-Dade County

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2024 Clerk of the Courts. All rights reserved.